IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RYAN KELMAN,** | : CIVIL ACTION NO. 4:16-CV-657 |
| **Plaintiff** | : (Chief Judge Conner) |
| v. | : |
| **JOSE FLORES,** *et al.*, | : |
| **Defendant** | : |

# ORDER

AND NOW, this 16th day of August, 2016, upon consideration of the motion (Doc. 5) to recover costs of service by plaintiff Ryan Kelman ("Kelman") filed July 1, 2016, wherein Kelman requests that the court impose costs and fees on defendants for failure to sign and return service waiver forms, and further upon consideration of defendants' answer (Doc. 15) to the court's rule to show cause (Doc. 14) why the court should not impose costs and fees pursuant to Federal Rule of Civil Procedure 4(d)(2), and it appearing that: (*i*) Kelman's counsel sent a notice of lawsuit and request to waive service to each defendant on April 21, 2016, requesting return of the waivers within thirty days and apprising defendants, in accordance with Rule 4, that "[a] defendant . . . who fails to return a signed waiver of service . . . will be required to pay the expenses of service, unless the defendant shows good cause for the failure," (Doc. 5, Ex. A at 2, 4, 6); (*ii*) defendants accepted service of said notices on April 26, 2016, (see Doc. 5 ¶ 3; Doc. 15 ¶ 2); (*iii*) counsel for both parties spoke via telephone on June 3, 2016, during which conversation defense counsel advised that, as of that date, he had not received authorization to waive service on defendants' behalf, (Doc. 15 ¶ 10; see Doc. 5 ¶ 5); (*iv*) defendants failed to return the waivers

within the thirty-day time period requested by Kelman's counsel, (Doc. 5 ¶ 6); and (v) Kelman's counsel effected service on June 23, 2016, incurring costs of $179.38, (id. ¶¶ 6, 10; Docs. 7-9), and it further appearing that a defendant subject to service under Federal Rule of Civil Procedure 4(e), governing service on individuals, and Rule 4(h), pertaining to service on corporations, "has a duty to avoid unnecessary expenses of serving the summons," FED. R. CIV. P. 4(e), (f), and that, pursuant to Rule 4(d)(2), when a "defendant . . . fails, without good cause, to sign and return a waiver requested by a plaintiff," the court must impose upon the defendant "the expenses later incurred in making service" as well as "the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses," FED. R. CIV. P. 4(d)(2), and further that findings of "sufficient cause should be rare," and include, for example, exceptional instances in which "the defendant did not receive the request or was insufficiently literate in English to understand it," FED. R. CIV. P. 4, advisory committee notes (1993), and the court concluding that a delay in communication between defendants and their counsel does not constitute good cause to excuse defendants' failure to return the service waivers, it is hereby ORDERED that:

1. Kelman's motion (Doc. 5) to recover costs of service is GRANTED.

2. Defendants are ordered to reimburse Kelman in the amount of $179.38, the costs of effectuating formal service of the summons, and $500.00 in attorney's fees pursuant to Federal Rule of Civil Procedure 4(d)(2).

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania